UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RAMON ALVARADO, JR.,
        Plaintiff,

  v.                                                  Case No. 20-C-659

TORRIA VAN BUREN,
        Defendant.

---

### ORDER

On August 5, 2021, I deferred a ruling on the defendant's motion for summary judgment (ECF No. 21) pending an evidentiary hearing under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). ECF No. 36. I conducted that hearing on October 5, 2021. ECF No. 51. I conclude that the evidence shows the plaintiff failed to exhaust his administrative remedies before bringing this lawsuit. I will therefore dismiss this case without prejudice.

### I. BACKGROUND

The plaintiff seeks to proceed on a claim that on December 9, 2017, defendant Dr. Torria Van Buren ignored his request to be placed on observation status after he became suicidal. ECF No. 9. In the previous order, I found it undisputed that the plaintiff filed only one inmate complaint on this issue. ECF No. 36 at 5. Prison rules require that an inmate file an administrative complaint within fourteen days of an incident. *Id.* (citing Wis. Admin. Code § DOC 310.09(6)). That means the plaintiff was required to file his inmate complaint against the defendant by December 23, 2017. *Id.* He did not file it until December 25, 2017—two days late. *Id.*; ECF No. 24-2 at 8.

The plaintiff asserted that he filed his complaint late because he was on observation status and a paper restriction for ten days beginning on December 9, 2017.

ECF No. 36 at 5. He contended these restrictions precluded him from preparing his complaint until December 20, 2017, which gave him only four days to write and file his complaint. *Id.* The defendant countered that the Segregation Unit Handbook advised the plaintiff to ask a corrections officer to prepare the complaint for him. *Id.* at 5–6. The plaintiff insisted he never received the Handbook and that no one told him an officer would prepare his complaint while he was on a paper restriction. ECF No. 36 at 6.

I ordered an evidentiary hearing "to determine whether the plaintiff knew he could ask an officer to write a complaint for him while he was in observation and on a paper restriction." *Id.* at 8. I explained that if the plaintiff was informed of this rule, "then the grievance procedures were available to him for all fourteen days, and he has no excuse for not timely filing a complaint." *Id.*

## II. FACTUAL FINDINGS

The defendant called two witnesses. Abigail King testified that in December 2017, she was a corrections officer in the Restricted Housing Unit, also known as the Segregation Unit, at Waupun Correctional Institution, where the plaintiff was (and remains) incarcerated. She read an excerpt from the Segregation Unit Handbook, which the defendant filed as an exhibit to her motion for summary judgment. ECF No. 24-5. This excerpt states, "If you are placed on a paper restriction, you will need to request assistance from one of the Segregation Officers to fill out medical, psychological, legal[,] recreation and inmate complaint forms." *Id.* at 3. The defendant also filed Exhibit 1005, which includes two forms titled "Acknowledgement of Receipt of/Access to Rules and Information Handbook." ECF No. 49. The forms state the following:

> I acknowledge I have been provided the Rules and Information Handbook of this institution/center. I am aware the Rules and Information Handbook

> contains rules that I must be familiar with and follow. Failure to follow these rules may result in violation of institution/center policies and procedures. I understand I have the responsibility to read, or have read to me, these rules. I further understand I shall have continued access to/possession of the Rules and Information Handbook in accordance with the policies of this institution/center.

*Id.* The forms are dated August 29, 2017, and September 19, 2017. *Id.* King confirmed that she and the plaintiff signed the September 19, 2017, form. She testified that she had no reason to believe the plaintiff refused to sign the form. She confirmed that a corrections officer may fill out an inmate complaint form for an inmate on observation or control status.

Inmate Complaint Examiner Tonia Moon reviewed the plaintiff's inmate complaint history, which the defendant previously submitted in support of her motion. ECF No. 24-1. She testified that the plaintiff filled out his complaint against the defendant on December 25, 2017, and filed it the next day. *See id.* at 2; ECF No. 24-2 at 8. She confirmed that an inmate has fourteen days from the date of an incident to file a complaint about that incident. She agreed that if the incident underlying the plaintiff's December 25, 2017, complaint occurred on December 9, 2017, it was filed late. Moon reviewed the plaintiff's complaint and noted it was rejected for that reason. *See* ECF No. 24-2 at 2. She testified that the rejection was affirmed on appeal. *Id.* at 5. She noted that if an inmate requests good cause to excuse a late complaint, that request must be included in the complaint. She did not surmise what a reason for good cause might be and explained that an inmate must plead for good cause on a case-by-case basis. Moon agreed that the inmate complaint officer would have been closed Saturday, December 23 through Monday, December 25, 2017. She also agreed that if the plaintiff had placed his inmate complaint in the institution mailbox on December 22, 2017, the institution complaint officer would not have received it for filing until at least December 26, 2017.

Moon reviewed Exhibit 1003, which is titled "Restrictive Housing Unit Restriction/Security Precaution Notice." ECF No. 24-4. She confirmed that this form shows the plaintiff was on a paper restriction as of December 9, 2017. *Id.* She testified that the restriction would have ended on December 19, 2017. She testified that she was not personally aware of whether the plaintiff was given an inmate complaint form that day. Moon confirmed that witness King had read from the 2017 version of the Segregation Handbook. ECF No. 24-5 at 3. She reiterated that, according to that Handbook, an officer could fill out a complaint form for an inmate on observation status or control status.

The plaintiff called Kyle Tritt, who testified that he was the supervisor of the Segregated Housing Unit in 2017. Tritt testified that in 2017, an observation officer could write an inmate complaint for an inmate on observation status. The plaintiff pointed to a request for information he sent Tritt on May 19, 2021, in which he asked, "If I am in observation and I request an officer to write out a complaint for me, isn't the officer suppose[d] to write out my complaint for me?" *See* ECF No. 29-1. Tritt responded, "No. You can write your complaint once you are off obs[ervation]. Just let them know when you were on obs[ervation]." *Id.* Tritt explained that the Handbook rule changed in 2018. He confirmed that the plaintiff was placed on control status on December 12, 2017; was moved to disciplinary separation on December 14, 2017; and returned to observation status on December 27, 2017. *See* ECF No. 24-3 at 2.

The plaintiff did not testify at the hearing. He did not offer any evidence that he was unaware he could ask an officer to write his inmate complaint while he was on a paper restriction. In his closing statement, the plaintiff conceded that he received the Segregation Unit Handbook. But he disputed that an officer could have filed his inmate

complaint for him while he was on observation status in December 2017. He maintained that he had at most four days to file his inmate after the paper restriction was lifted. He asserted that was an insufficient amount of time for him to prepare and file his complaint.

### III. ANALYSIS

The evidence presented at the hearing shows the prison provided the plaintiff a copy of the Segregation Unit Handbook in September 2017, before he was placed on a paper restriction. The Handbook informed the plaintiff that if he was on a paper restriction, he could ask an officer to help him prepare his inmate complaint. The plaintiff signed a form acknowledging that he received the Handbook and was responsible for complying with its rules and policies. The prison fulfilled its obligation to inform the plaintiff about its complaint process by making the Handbook available to him. *See Hernandez v. Dart*, 814 F.3d 836, 842–43 (7th Cir. 2016)). The plaintiff concedes he received the Handbook. He had an obligation to familiarize himself with it and follow the prison's rules and policies. His failure to do so does not excuse him from complying with the prison's administrative rules. *See Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018).

Inmate complaint examiner Moon confirmed that the plaintiff filled out his inmate complaint about the December 9, 2017, incident on December 25, 2017. She testified that the inmate complaint examiner's officer was closed for the holiday weekend from December 23 through 25, 2017. That means the office would not have received the plaintiff's inmate complaint until December 26, 2017. But this is irrelevant because the evidence shows when the plaintiff filled out his complaint on December 25, 2017, he was already too late to file it. The complaint does not request good cause to excuse his tardiness. Nor does the evidence suggest any reason to excuse the plaintiff's late filing.

5

Case 2:20-cv-00659-LA   Filed 10/07/21   Page 5 of 8   Document 52

The evidence shows that in December 2017, the plaintiff was on either control, observation, or disciplinary status from at least December 10 to 27, 2017. The plaintiff came off his paper restriction on December 19, 2017. Supervisor Tritt confirmed that at that time, an officer could have written the plaintiff's inmate complaint for him. He testified that rule did not change until 2018. The plaintiff stated in his closing statement that he was unaware he could ask an officer for assistance while he was on a paper restriction. But he did not provide any sworn testimony to this effect. There is therefore no evidence that the plaintiff was unaware that he could ask an officer for assistance or that he asked for assistance but was denied.

The evidence shows the plaintiff had at least ten days while he was on his paper restriction—from December 9 to 19, 2017—to ask an officer to help him prepare his inmate complaint. Once he came off his restriction, he could have prepared and filed the complaint himself. The evidence does not support the plaintiff's position that he had no more than four days to prepare and file his inmate complaint.

## IV. CONCLUSION

The evidence presented at the hearing shows the prison informed the plaintiff that he could ask an officer to help him write and file his inmate complaint while he was on observation status and a paper restriction. That means he could have prepared and filed his inmate complaint between December 9 and 19, 2017, while he was on those restrictions, and from December 20 to 23, 2017, when the restriction was lifted. He did not do so and did not fill out his complaint until December 25, 2017—two days late under Wisconsin's administrative rules. The complaint was properly rejected as being untimely, and the plaintiff provides no evidence showing he should be excused from complying with

6
Case 2:20-cv-00659-LA   Filed 10/07/21   Page 6 of 8   Document 52

that procedural requirement. He therefore failed to exhaust his administrative remedies before bringing this lawsuit, which I must dismiss without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (explaining that "*all* dismissals under § 1997e(a) should be without prejudice").

**THEREFORE, IT IS ORDERED** that the defendant's motion for summary judgment on exhaustion grounds (ECF No. 21) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**. The clerk's office shall enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. I may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. I may not extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 7th day of October, 2021.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge

8
Case 2:20-cv-00659-LA   Filed 10/07/21   Page 8 of 8   Document 52